**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMAL DUPREE ADAMS,

                Petitioner,

     v.

SHERRY BURT,

                Respondent.

Case No. 18-13036
Hon. Terrence G. Berg

**OPINION AND ORDER DENYING PETITIONER'S**
**MOTION TO STAY THE PROCEEDINGS**

## I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jamal Dupree Adams ("Petitioner") was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83; carjacking, Mich. Comp. Laws § 750.529a; unlawful imprisonment, Mich. Comp. Laws § 750.349b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 31 to 60 years imprisonment on the assault and carjacking convictions, a concurrent term of 10 to 15 years imprisonment on the unlawful imprisonment convictions, and a concurrent term of two years imprisonment on the felony firearm conviction in 2015.

In his current pleadings, Petitioner raises claims concerning the effectiveness of trial counsel, the conduct of the prosecutor, the great weight of the evidence, and the sufficiency of the evidence. The matter is before the Court on Petitioner's motion to stay the proceedings so that he may return to the state courts and exhaust additional claims concerning the prosecutor's alleged false statements at trial and failure of trial and appellate counsel to contest the issue. For the reasons stated, the Court denies Petitioner's motion.

## II.  Background

Petitioner's convictions arise from his assault and non-fatal shooting of a friend in Detroit, Michigan on December 4, 2014. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his current habeas petition. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions. *People v. Adams*, No. 329385, 2017 WL 1289198 (Mich. Ct. App. April 6, 2017) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Adams*, 501 Mich. 897, 901 N.W.2d 896 (Oct. 13, 2017).

Petitioner filed his federal habeas petition on September 27, 2018. ECF No. 1. Respondent filed an answer to the petition on April 25, 2019 contending that it should be denied because the prosecutorial misconduct

claim is procedurally defaulted and all the claims lack merit. ECF No. 7. Petitioner filed the instant motion on April 29, 2019. ECF No. 10.

## III. Analysis

Petitioner seeks to stay the proceedings and hold his habeas petition in abeyance so that he may return to state court to exhaust available remedies as to an additional claim of prosecutorial misconduct and the failure of trial and appellate counsel to raise the issue. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court to

satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner fails to show the need for a stay. His current habeas claims are exhausted and he fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), will preclude review. The Michigan Supreme Court denied leave to appeal on October 13, 2017. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction

becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on January 11, 2018. Accordingly, Petitioner was required to file his federal habeas petition by January 11, 2019, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner filed his habeas petition on September 27, 2018. At that point, about eight and one-half months of the one-year period had run.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than three months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so. This is particularly true here given that Petitioner has already prepared a motion for relief from judgment (attached to his motion to stay) for filing in state court.

5

Furthermore, while Petitioner's new claims may not be "plainly meritless," he fails to explain his delay in raising them. Petitioner knew or could have known of facts underlying his new claims at the time of trial and/or direct appeal. Petitioner fails to show good cause for not exhausting his additional claims in the state courts before seeking federal habeas review. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Given such circumstances, a stay is unwarranted.

## IV. Conclusion

Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings. Should Petitioner wish to have the Court dismiss the present habeas petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of this case within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained

in the pending habeas petition.

**SO ORDERED.**


Dated:  June 17, 2019     s/Terrence G. Berg
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 17, 2019.

s/A. Chubb
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Case Manager